IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**HENRY JOSEPH JAQUEZ**           )
                                                          )
         Plaintiff,           )
                                   )
**v.**                              )         No. CIV 23-054-RAW-JAR
                                   )
**JOHNNY DALLIS, et al.,**           )
                                   )
         Defendants.       )

## **OPINION AND ORDER**

This matter is before the Court on Defendants' motion to deny Plaintiff's request to proceed *in forma pauperis*. (Dkt. 28). Plaintiff, a pro se pretrial detainee who presently is incarcerated in the Cherokee County Detention Center in Tahlequah, Oklahoma, brought this civil rights action under 28 U.S.C. § 1983 on February 13, 2023, complaining about excessive force, deliberate indifference, and denial of due process at the detention center. (Dkt. 1). The named defendants were Assistant Jail Administrator Johnny Dallis, Assistant Jail Administrator Silvia Holmes, Detention Officer Jones, Detention Officer Jenkins, Mary Burlison, and Assistant District Attorney Haley Robison.

On February 13, 2023, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* and ordered that he pay an initial partial filing fee of $39.00 (Dkt. 4), which was paid on February 22, 2023. On April 17, 2023, Plaintiff filed an amended complaint that omitted Defendant Robison. (Dkt. 10). Summonses were issued on April 27, 2023.

On May 25, 2023, Defendants Dallis, Holmes, Jones, Jenkins, and Burlison filed a motion to deny Plaintiff's *ifp* status based on 28 U.S.C. § 1915(g). (Dkt. 28). Defendants claim that of the numerous federal lawsuits Plaintiff has filed, at least three were dismissed for failure to state a claim.

They thus contend this action should be dismissed without prejudice, and Plaintiff should be required to pay the full filing fee or have counsel before he is allowed to proceed with another lawsuit. Plaintiff has filed a response in opposition to Defendants' motion. (Dkt. 31).

Pursuant to 28 U.S.C. § 1915(g),

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.*

This provision, sometimes called the "three strikes rule" does not prevent prisoners from filing new civil actions after they have accrued three strikes. It instead prevents prisoners with three strikes from filing new civil actions without prepayment of the full filing fee for the new civil action, unless the prisoner can satisfy the imminent-danger exception.

Defendants maintain Plaintiff has accrued three "prior occasions" or "strikes:"

(1)   *Jaquez v. Probation & Parole Office*, No. 14-cv-075-JED-FHM (N.D. Okla. Apr. 28, 2014) (dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) and "prior occasion" assessed);

(2)   *Jaquez v. Lane*, No. 07-cv-448-GKF-FHM (N.D. Okla. Oct. 25, 2007) (dismissed without prejudice for failure to state a claim upon which relief may be granted); and

(3)   *Jaquez v. Okla. Dep't of Corr.*, No. 11-cv-1066-F (W.D. Okla. Nov. 8, 2013) (dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) under 28 U.S.C. § 1915(e)(2)(B)(ii)) with no "prior occasion" or "strike" assessed).

While the defendants are correct that the two Northern District cases constituted "strikes" for failure to state a claim upon which relief may be granted, the Court finds Western District Case No. 11-cv-1066-F does not qualify for that designation.

A prisoner accrues a strike when his "action or appeal" is dismissed for one of the reasons identified in §1915(g), and one of those reasons is for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(g). He, however, does not accrue a strike when only some claims asserted in a civil action are dismissed for failure to state a claim, and the prisoner is permitted to proceed with the civil action as to other claims. *See Thomas v. Parker*, 672 F.3d 1182, 1183 (10th Cir. 2012) ("Because [§ 1915(g)] refers to dismissals of '*actions*,' as opposed to '*claims*,' it is well established that a partial dismissal based on one of the grounds enumerated in § 1915(g) is generally not a proper basis for assessing a strike.") (emphasis in original); *see also Adams v. United States*, 818 F. App'x 807, 812 (10th Cir. 2020) (concluding that district court erroneously applied § 1915(g) to deny prisoner leave to proceed *in forma pauperis* because he did not accrue a third strike in a case identified by the district court when the "entire action was not dismissed 'based on one of the grounds enumerated in § 1915(g)'").

A review of the record in W.D. Okla. Case No.11-cv-1066-F shows that on June 12, 2013 (Dkt. 82), the district court dismissed some of Jaquez's claims against certain defendants for failure to state a claim, granted summary judgment in favor of some defendants as to some claims based on Jaquez's failure to exhaust administrative remedies, and permitted Jaquez to proceed with the civil action as to certain claims against another defendant. *See id.* A subsequent order filed in W.D. Okla. Case No. 11-cv-1066-F (Dkt. 88) shows that on November 8, 2013, the district court dismissed claims against the other defendant under Fed. R. Civ. P. 41(b) for failure to comply with local civil

rules and court orders, not for any reason enumerated in § 1915(g).  *Id.*[1]

Because only part of the claims Plaintiff asserted in W.D. Okla. Case No. 11-CV-1066-F were dismissed for a reason enumerated in § 1915(g), and he was permitted to proceed with his action as to other claims until they were dismissed under Rule 41(b), the Court finds he did not accrue a strike in that case.  Thus, § 1915(g) does not bar him from proceeding in this action without prepayment of the full filing fee. The Court therefore denies Defendants' motion to deny Plaintiff's request to proceed *in forma pauperis* (Dkt. 28).

**ACCORDINGLY,**  Defendants' motion to deny Plaintiff's request to proceed *in forma pauperis* (Dkt. 28) is DENIED.

**IT IS SO ORDERED** this 13th day of November 2023.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] *See Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996)("[F]ederal courts may take notice of judicial proceedings in other courts if they have a direct relation to matters at issue." (citing *St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979)).